J-A17045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER WILLIAM BIRDSELL, | |
| Appellant | No. 2789 EDA 2016 |

Appeal from the Judgment of Sentence August 1, 2016
in the Court of Common Pleas of Chester County
Criminal Division at No.: CP-15-CR-0000799-2015

BEFORE:  GANTMAN, P.J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED SEPTEMBER 20, 2017**

Appellant, Christopher William Birdsell, appeals from the judgment of sentence imposed following his bench conviction of one hundred and one counts of sexual abuse of children—possession of child pornography, and two counts of criminal use of a communication facility.[1]  We affirm.

We take the relevant facts and procedural history of this case from our independent review of the certified record.  On September 15, 2014, Pennsylvania State Police Trooper John Sours obtained a search warrant from the magisterial district judge to search a computer owned by Appellant. The application for the search warrant contained a six-page affidavit of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6312(d) and 7512(a), respectively.

probable cause, reflecting that in August of 2014, Detective Kenneth Bellis of the Delaware County Criminal Investigation Division, a law enforcement officer with twenty-three years' experience, was conducting undercover investigations into the internet sharing of child pornography. Detective Bellis focused his investigation on peer-to-peer file sharing networks, which Trooper Sours averred are used frequently in the trading of child pornography. (**See** Affidavit of Probable Cause, 9/15/14, at 6).[2]

During the course of this investigation, Detective Bellis located a computer that was sharing child pornography on file sharing network called BitTorrent, and he was able to download more than one hundred digital files from the user. Trooper Sours described that downloaded file in the affidavit of probable cause as follows: "This color image depicts a white female approx. 12-14 years of age. She is shown fully nude standing in water, facing the camera. He[r] breast and genital areas as clearly depicted in violation of [18 Pa.C.S.A. § 6312] Sexual Abuse of Children." (Affidavit of Probable Cause, 9/15/14, at 7).[3] The IP address assigned to the computer

_____

[2] Trooper Sours explained that peer-to-peer networks are composed of participants that make a portion of their files available directly to their peers without intermediary network hosts or servers. (**See id.**).

[3] Section 6312 provides in relevant part as follows: "**(d) Child pornography.**—Any person who intentionally views or knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense." 18 Pa.C.S.A. § 6312(d). The definition of
*(Footnote Continued Next Page)*

sharing the file was assigned to Comcast Cable Communication Inc. That company responded to a court order for subscriber information relating to the IP address with information identifying Appellant and his home address.

In advance of trial, Appellant sought suppression of the evidence found on his computer. The trial court denied the suppression motion on October 20, 2015, following a hearing. Appellant proceeded to a bench trial, and the court found him guilty of the above-referenced offenses. On August 1, 2016, the court sentenced Appellant to an aggregate term of not less than thirty days nor more than twenty-three months' incarceration, followed by five years of probation. This timely appeal followed.[4]

Appellant raises one issue for our review: "Did the learned court err by denying Appellant's motion to suppress the contents of Appellant's personal computer?" (Appellant's Brief, at 3) (unnecessary capitalization omitted). We begin by noting our standard and scope of review:

> The standard and scope of review for a challenge to the denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. When reviewing the rulings of a suppression court, [the appellate court] considers only the evidence of the prosecution and so much of the evidence for the

---
*(Footnote Continued)* ───────────

"prohibited sexual act" includes "lewd exhibition of the genitals or nudity if such nudity is depicted for the purpose of sexual stimulation or gratification of any person who might view such depiction." 18 Pa.C.S.A. § 6312(g).

[4] Appellant filed a timely, court-ordered concise statement of errors complained of on appeal on September 12, 2016. The trial court entered an opinion on December 9, 2016. *See* Pa.R.A.P. 1925.

defense as remains uncontradicted when read in the context of the record as a whole. When the record supports the findings of the suppression court, [the court is] bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

***Commonwealth v. Dougalewicz***, 113 A.3d 817, 823 (Pa. Super. 2015), *appeal granted in part*, 123 A.3d 1063 (Pa. 2015), and *appeal dismissed as improvidently granted*, 157 A.3d 883 (Pa. 2017) (citation omitted).

In his sole issue on appeal, Appellant claims that the trial court erred in failing to suppress the evidence seized from his personal computer pursuant to the search warrant. (**See** Appellant's Brief, at 8-24). Appellant challenges the court's finding of probable cause, arguing that the affidavit of probable cause was defective because it failed to set forth sufficient information indicating that evidence of a crime would be found on his computer. (**See id.**; **see also** Rule 1925(b) Statement, 9/12/16). He argues that "it is not a violation of law to have nude photographs of minors on one's computer[,]" and that there is no indication in the affidavit that the single photograph described "was lewd or lascivious . . . or that the nudity . . . served the purpose of sexual gratification or stimulation of a viewer." (Appellant's Brief, at 15, 17). This issue does not merit relief.

In general, the Fourth Amendment of the United States Constitution, and Article I, Section 8 of the Pennsylvania Constitution, do not permit police to search for or seize property absent a lawfully obtained search warrant. [F]or a search to be reasonable under the Fourth Amendment or Article I, Section 8, police must obtain a warrant, supported by probable cause and issued by an independent judicial officer, prior to conducting the search.

***Dougalewicz***, ***supra*** at 824 (case citations and quotation marks omitted).

Probable cause exists where the facts and circumstances within the affiant's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that a search should be conducted.

In ***Illinois v. Gates***, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court established the totality of the circumstances test for determining whether a request for a search warrant under the Fourth Amendment is supported by probable cause. In ***Commonwealth v. Gray***, 509 Pa. 476, 503 A.2d 921 (1986), [the Pennsylvania Supreme] Court adopted the totality of the circumstances test for purposes of making and reviewing probable cause determinations under Article I, Section 8. In describing this test, [our Supreme Court] stated:

Pursuant to the "totality of the circumstances" test set forth by the United States Supreme Court in ***Gates***, the task of an issuing authority is simply to make a practical, common-sense decision whether, given all of the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. . . . It is the duty of a court reviewing an issuing authority's probable cause determination to ensure that the magistrate had a substantial basis for concluding that probable cause existed. In so doing, the reviewing court must accord deference to the issuing authority's probable cause determination, and must view the information offered to establish probable cause in a common-sense, non-technical manner.

\* \* \*

Further, a reviewing court is not to conduct a *de novo* review of the issuing authority's probable cause determination, but is simply to determine

whether or not there is substantial evidence in the record supporting the decision to issue the warrant.

As our United States Supreme Court stated: "A grudging or negative attitude by reviewing courts towards warrants . . . is inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant; courts should not invalidate warrants by interpreting affidavits in a hypertechnical, rather than a commonsense, manner." **Gates**, **supra** at 236, 103 S.Ct. 2317 (citation and quotation marks omitted); **see also United States v. Leon**, 468 U.S. 897, 914, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) ("Reasonable minds frequently may differ on the question whether a particular affidavit establishes probable cause, and we have thus concluded that the preference for warrants is most appropriately effectuated by according 'great deference' to a magistrate's determination.").

**Commonwealth v. Hoppert**, 39 A.3d 358, 362–63 (Pa. Super. 2012), *appeal denied*, 57 A.3d 68 (Pa. 2012) (one case citation omitted).

Here, the trial court found that the magisterial district judge's decision to issue the warrant was supported by ample probable cause. (**See** N.T. Suppression Hearing, 10/20/15, at 28; Trial Court Opinion, 12/09/16, at 9). Upon review, we agree.

Specifically, the record reflects that Trooper Sours submitted a lengthy affidavit of probable cause outlining his and Detective Bellis' extensive experience and training relative to investigating child pornography crimes in which computers are used. (**See** Affidavit of Probable Case, 9/15/14, at 3-5). During Detective Bellis' investigation into the internet sharing of child pornography, on a peer-to-peer file sharing network frequently used to trade such pornography, he was able to download more than one hundred digital files of a fully nude female minor from a user, with the image clearly

showing her breasts and genitals, which he believed depicted child pornography. (*See id.* at 6-7). Authorities then traced the IP address assigned to the computer sharing the file directly to Appellant. (*See id.* at 7).

Under the totality of the circumstances test, viewing the information in a common sense, non-technical manner and affording appropriate deference to the issuing authority, we conclude that the decision to issue the warrant was supported by probable cause. *See Hoppert*, *supra* at 362–63. Therefore, the trial court properly denied Appellant's suppression motion, and his issue on appeal merits no relief. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/20/2017